## STEARN MERRITT COMPANY
### vs.
## NEW ENGLAND FIRE INS. CO.

Superior Court       New Haven County        File #45532

Present:   Hon. JOHN RUFUS BOOTH, Judge.

William J. Carrig,                Attorney for the Plaintiff.

Wiggin & Dana,                Attorneys for the Defendant.

## MEMORANDUM FILED MARCH 11, 1935.

BOOTH (JOHN RUFUS) J. The complaint in this action sets up the entry of a judgment in favor of the plaintiff against one Anna Santamauro by reason of the loss of certain goods in which the plaintiff had an interest which were intrusted to her for carriage, and which were insured by her against loss. It further alleges the insuring by the defendant of said Anna Santamauro against liability from such loss and the failure of the defendant to pay the plaintiff the amount of the aforesaid judgment.

The answer, insofar as the demurrer is concerned, sets up by way of special defense the policy in question and a compliance with its terms so far as the payment of the loss to Anna Santamauro is provided for therein. By way of another defence it also alleges that the policy made the basis of the complaint was voided by the placing of other insurance upon the goods lost, in violation of the terms of the policy.

To each of these defenses the plaintiff has demurred, and as to the first named defense the substance of the demurrer is that **Section 4231 of the General Statutes** imposes upon the defendant an absolute liability upon the occurrence of the loss which it cannot avoid by the payment to Anna Santamauro set up as a defense.

It is now well settled that no absolute liability exists by virtue of this Statute. The plaintiff is subrogated only to the rights of the assured. **(Bartlett vs. Travelers Insurance Company, 117 Conn. 147), (Guerin vs. Indemnity Company, 107 Conn. 649).**

If the payment to Anna Santamauro destroyed her right to further proceed against the defendant, as it obviously did, it constitutes a defense to the plaintiff's similar claim. For this reason the demurrer to this defense is not well taken.

The plaintiff likewise demurs to the other defense specified upon the ground that the policy in respect to other insurance

refers only to such when obtained by Anna Santamauro. An examination of the policy fails to disclose such limitation and the Court would not be warranted in implying, in view of its obvious contemplation, that such insurance might be obtained by persons otherwise interested than was Anna Santamauro. The demurrer to this defense is also not well taken.

For the foregoing reasons the demurrer is overruled.